## NETTIE SZYPERSKI v. SWIFT & COMPANY AND OTHERS.[1]

January 7, 1938.

No. 31,490.

See 198 Minn. 154, 269 N. W. 401.

*Frederick J. Miller* and *Leonard L. Sumner,* for appellants.

*Dell & Rosengren,* for respondent.

[1]Reported in 277 N. W. 235.

568

▌▌▌▌▌▌▌▌▌▌

LORING, JUSTICE. .

This case comes here on an appeal from an order denying the motion of defendants Swift & Company and E. R. Skoglund for a new trial on the ground of newly discovered evidence. The case was previously before this court, and our opinion is reported in 198 Minn. 154, 269 N. W. 401. Reference to that opinion may be had for a statement of facts. The defendants claim that pending the previous appeal they discovered certain evidence which indicated intoxication on the part of plaintiff's deceased at the time of the accident and that after this court had affirmed the decision of the trial court they made further investigation. Their affidavits tend to show that there was a strong odor of whisky in the ambulance in which Peter Szyperski was taken to the hospital after the accident; that glass of a broken whisky bottle was found in his pocket at the hospital. Their affidavits indicate further that two witnesses who were looking over the wreck of Peter's automobile at the garage the next morning after the accident found a pint liquor bottle in the back seat with about a quarter of an inch of liquor in it. At the same time the plaintiff entered the garage and made a statement that Peter had been drunk with another woman on the day of the accident and that he had been seen riding through Little Falls in the afternoon accompanied by a woman who was driving. On the other hand, the doctor who took care of Peter after the accident noted no odor of liquor on his breath. Neither did the ambulance driver.

The statement of Nettie Szyperski is an admission obviously based entirely on hearsay and made at a time when she had had no time to verify the statement. The presence of the alcohol or whisky in the car and in Peter's pocket is not of great importance as against the testimony of the ambulance driver and the doctor that they smelt no whisky on Peter's breath and that the odor of whisky in the ambulance was that of spilled whisky rather than the breath of a person who had imbibed liquor. Giving all this evidence the full force to which it was entitled, we think the trial court was amply justified in denying defendants' motion on the ground that there was no likelihood that the evidence would affect the result on another trial. 5 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934,

1937) § 7131. We therefore do not need to consider the claim that there was lack of diligence in discovering the new evidence.

The order appealed from is affirmed.